# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DENISE MOSEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M.G. DESIGN ASSOCIATES CORP.,<br><br>Defendant. | Civ. Case No. _____ |

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.

Plaintiff DENISE MOSEY, on behalf of herself and a putative class of similarly situated former employees of M.G. DESIGN ASSOCIATES CORP., ("M.G. Design") (the "Defendant"), by way of this Class Action Complaint against Defendant alleges as follows:

## NATURE OF THE ACTION

1. Beginning on or about May 9, 2018 and within 90 days of that date, Defendant ordered plant closings or mass layoffs, as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advanced written notice under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") to its employees.

2. Defendant terminated the Plaintiff and approximately 150 similarly situated employees (the "similarly situated former employees") who worked at or reported to Defendant's facilities as defined herein without prior notice.

3. The Plaintiff brings this action on behalf of herself, and those similarly-situated employees who were terminated in a plant closing or mass layoff from Defendant's Pleasant

Prairie, Wisconsin facility and its other facilities beginning on or about May 9, 2018 and within 90 days of that date, and for unpaid wages and benefits under state law.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, and unpaid wages and benefits pursuant to state law from Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334, 1367, and 29 U.S.C. § 2104(a)(5).

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Plaintiff Denise Mosey was employed by Defendant as a senior account manager at its facility located at 8778 100th Street, Pleasant Prairie, Wisconsin until her termination on or about May 9, 2018.

### *Defendant*

8. Upon information and belief at all relevant times, Defendant maintained and operated its business at the 8778 100th Street, Pleasant Prairie, Wisconsin, as that term is defined by the WARN Act (the "Pleasant Prairie Facility").

9. Upon information and belief and at all relevant times, Defendant M.G. Design, is an Illinois corporation with its principal place of business located at the Pleasant Prairie Facility and conducted business in this district.

2

10. Defendant operated facilities in Las Vegas, Nevada, San Francisco, California, and Orlando, Florida, which, together with its Pleasant Prairie Facility (together the "Facilities"), produced and marketed exposition and event exhibits and related services.

## WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104

11. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on her own behalf and on behalf of all similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause beginning on or about May 9, 2018, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the plant closings and mass layoffs ordered by Defendant beginning on or about May 9, 2018 (the "WARN Class").

12. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

13. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

14. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

15. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

3

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

16. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about May 9, 2018, or within 90 days of that date, due to the mass layoffs ordered by Defendant.

17. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

18. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

19. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### First Cause of Action: Violation of the WARN Act, 29 U.S.C. § 2104

21. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

22. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

23. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order plant closings and mass layoffs at the Facilities.

24. At all relevant times, Plaintiff and the similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

25. On or about May 9, 2018 the Defendant ordered plant closings or mass layoffs at its Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2) and 2102(d).

26. The mass layoffs at each of its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as more than one-third of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

27. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff ordered by Defendant at the Facilities.

5

28. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

29. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

30. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

31. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

32. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, for 60 days from and after the dates of their respective terminations.

33. The relief sought in this proceeding is equitable in nature.

**Second Cause of Action: Violation of Wisconsin Statute § 109.03 and Wisconsin Administrative Code DWD 272.03**

34. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. Wis. Stat. § 109.03 requires Defendant to pay its employees all wages due within the time specified by law. Wis. Stat. § 109 provides that if an employer willfully fails to timely pay such wages, the employer is liable to the employee for full wages, plus increased wages as provided in Wis. Stat. § 109.11(2).

6

36. In addition, throughout the relevant time period, Defendant was an employer within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD 272.

37. Wisconsin Administrative Code DWD 272.03 requires employers to pay all employees a minimum wage for each hour worked.

38. The Named Plaintiff and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD 272.

39. The Named Plaintiff and the members of the Wisconsin Class who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

40. The Defendant did not pay the Named Plaintiff and the members of the Wisconsin Class their accrued paid time off prior to their termination.

41. The Named Plaintiff and members of the Wisconsin Class are owed the paid time off they accrued prior to that date.

**Second Cause of Action: California Wage Payment Provisions of Labor Code Cal. Labor Code §§ 201, 202 & 203 On Behalf of the California Rule 23 Class**

42. The Plaintiff and the California WARN Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

43. California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

7

44. The Plaintiff and the California WARN Class who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

45. The Defendant did not pay the Plaintiff and California WARN Class their accrued paid time off prior to their termination.

46. The Plaintiff and members of the California WARN Class are owed the paid time off they accrued prior to that date.

### Third Cause of Action: Violation of Florida Unpaid Wages Statute

47. Plaintiff realleges and incorporate by reference all allegations in all proceeding paragraphs.

48. Plaintiff brings this cause of action under § 448.08 Fla. Stat. (2017) for Defendant's failure to pay the Plaintiff and each of the Class Members their accrued but unpaid wages, including vacation and personal time off, for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

49. Pursuant to § 448.08 FLA. STAT, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### Fourth Cause of Action: Violation of Nevada Unpaid Wages Statute

50. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

51. Plaintiffs bring this cause of action under Chapter 608 of the Nevada Revised Statutes, namely, Nev. Rev. Stat. § 608.02 and § 608.040 (1) for Defendant's failure to pay the Plaintiffs and each of the Class Members their accrued but unpaid wages, including vacation and personal time off, for 60 days following their respective terminations, and failure to make the

pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, including medical expenses that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. A judgment in favor of the Plaintiff and each of the "affected employees" for payment of accrued unpaid wages and vacation time, applicable liquidated damages and/or treble damages, and attorneys' fees and costs pursuant to Wisconsin Statute § 109.03 and Wisconsin Administrative Code DWD 272.03, California Wage Payment Provisions of Labor Code Cal. Labor Code §§ 201, 202 & 203, § 448.08 Fla. Stat. (2017), and Nev. Rev. Stat. § 608.02 and § 608.040 (1);

F. Plaintiff's reasonable attorney's fees and the costs and disbursements of prosecuting this action as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated: May 11, 2018

Respectfully submitted,

Rebecca Salawdeh
Salawdeh Law Office, LLC
7119 W. North Avenue
Wauwatosa, WI 53213
Tel: (414) 455-0117
Fax: (414) 918-4517
Email: rebecca@salawdehlaw.com

and

Jack A. Raisner
René S. Roupinian
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Fax: (646) 509-2070
Email: rsr@outtengolden.com
Email: jar@outtengolden.com

*Attorneys for Plaintiff Denise Mosey and the putative class*